creditors, and one in trust for creditors. The distinction was not overlooked. If there was a trust created between Paulhamus and the creditors, whose assignee he was, it was not created by Lindsay, the debtor. Lockhart v. Stevenson, 61 Pa. St. 64. The rehearing is therefore denied.

## WANAMAKER et al. v. COOPER, Collector.

### (Circuit Court, E. D. Pennsylvania. June 25, 1895.)

### No. 21.

CUSTOMS DUTIES—APPRAISEMENT—PROTEST AND APPEAL.

In appraising certain goods, the appraiser made an addition to the entered value of the invoice by disallowing a commission of 2½ per cent. claimed as a discount for cash paid on the purchase. This was done, as the appraiser said, "to make market value," the discount being considered as excessive. Against his action the importers protested. *Held,* that it must be assumed that the discounts were not arbitrarily rejected by the appraiser, but that the same were taken as the measure of the "advance" which he deemed it his duty to make in ascertaining actual market value, and that, therefore, the remedy of the importer was not by protest, but by an appeal for reappraisement.

This was an application by John Wanamaker, importer of certain merchandise, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of Philadelphia in respect to the dutiable value of such merchandise.

The imports consisted of certain dress goods, and the appraiser made "an addition to the entered value of the invoice" by disallowing a commission of 2½ per cent. claimed as a discount for cash paid on the purchase. This was done, as the appraiser said, "to make market value," the discount being considered as excessive. The importer protested on the grounds (1) that the goods "were not appraised at their actual market value in the principal markets of the country of exportation at the time of exportation," as required by law; (2) "that the practice of the appraiser in making additions to petitioner's invoices by disallowing certain discounts appearing on the same" was at variance with the treasury regulations and the decisions of the courts.

The collector affirmed the decision of the appraiser on the ground that there should have been an appeal for reappraisement, and not a protest. The collector's decision was affirmed by the board of general appraisers, which held that the appraiser had disallowed the discount, "to make market value," as stated by him, and that he did not decide "that discounts for cash, if properly charged, could not affect market value, or the amount of duty chargeable." They further said that where the "appraising officer proceeds upon a wrong principle, contrary to law," his decision may be assailed by protest, but that this was not such a case.

Frank P. Prichard, for importer.

Ellery P. Ingham, U. S. Atty., for the Government.

DALLAS, Circuit Judge. Irrespective of the explanatory letter written by the appraiser some time after he had made his report,

it must be assumed that the discounts which were "disallowed" by him were not arbitrarily rejected, but were taken as the measure of the "advance" which he deemed it his duty to make in appraising "the true and actual market value * * * of the merchandise." This understanding of the appraiser's official action reconciles it with the law. There is, at least, no evidence that he intended to exceed his powers, and the presumption is that he did not. This view of the present case is, I think, rendered necessary by the recent judgment of the court of appeals for this circuit in the case of U. S. v. Kenworthy,[1] which, as yet, has not been officially reported. It follows that the board of appraisers was right in holding that "the remedy of the appellant * * * was by appeal for reappraisement, not by protest"; and therefore its decision is affirmed.

---

### Ex parte HOUGH.

(Circuit Court, W. D. North Carolina. July 29, 1895.)

INTERSTATE COMMERCE—LICENSES.

Acts N. C. 1895, c. 116, § 25, requiring every one, before engaging in selling pianos or organs by sample, list, or otherwise, in the state, to pay $250 for a license, is, in the case of one selling by sample and list, as agent for a manufacturer and dealer located in another state, void, as a regulation of interstate commerce.

Petition of W. I. Hough for writ of habeas corpus.    Granted.

Tucker & Murphy, for petitioner.
Solicitor R. S. McCall, for the State of North Carolina.

SIMONTON, Circuit Judge.    This case comes up on the petition of W. I. Hough, praying a writ of habeas corpus.    He is in the custody of the sheriff of Buncombe county, N. C., charged with the violation of the revenue law of that state.    The following is an agreed statement of facts:

"It is agreed between Robt. S. McCall, solicitor for the state of North Carolina, and Tucker & Murphy, attorneys for the petitioner, W. J. Hough, that the facts in this case are as follows: The W. W. Kimball Company are manufacturers and wholesale dealers in pianos and organs in the city of Chicago, in the state of Illinois, and with no place of business in North Carolina; that the petitioner is the duly-authorized soliciting agent of said Kimball Company for the sale of pianos and organs in North Carolina; that, as such agent, the petitioner has engaged in the business of selling and offering to sell pianos and organs in said state, by sample and by list; that on the 1st day of July, 1895, the petitioner, as such agent and representative of said Kimball Company, sold, by sample and by list, an organ of the said Kimball Company to Stephen Smith, in Buncombe county, North Carolina; that neither the petitioner nor said Kimball Company paid a tax of two hundred and fifty dollars to the state treasurer of North Carolina before engaging in said business and making said sale, as required by the acts of the general assembly of North Carolina (chapter 116, § 25), enacted at the session of 1895."

The prisoner is charged with the violation of section 25, c. 116, Acts 1895, of the general assembly of North Carolina.    The section is as follows:

1 68 Fed. 904.