MEYER, EBELING & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. August 7, 1905.)

No. 10.

1. CUSTOMS DUTIES—APPRAISEMENT—LEGALITY—ADDITION BY PERCENTAGE.
   An appraiser, in advancing the invoice value of imported merchandise to raise it to its true market value, did so by totaling the invoice price and disallowing certain discounts to which the importers were entitled, instead of adding a specific sum to the invoice value of each item on the invoice, as required by the customs regulations. *Held*, that the appraisement was not thereby rendered illegal, and that the importers, if dissatisfied with the findings of the appraiser, should request a reappraisement, under Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932].

2. SAME—CUSTOMS REGULATIONS NOT MANDATORY—METHOD OF APPRAISEMENT.
   The method of calculation prescribed in the regulations of the Secretary of the Treasury to be followed by appraisers in advancing the invoice value of imported merchandise is not mandatory, and may be departed from without invalidating an appraisement.

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought by Meyer, Ebeling & Co., and relate to a decision of the Board of General Appraisers which affirmed the assessment of duty by the collector of customs at the port of Philadelphia. The importers assailed the correctness of the action of the local appraiser in advancing the value of the goods in question, it being alleged to be at variance with article 460, Customs Regulations 1884, which reads as follows:

"Art. 460. In making advances on invoices, the appraisers will make the addition to or advance upon the value declared on entry, in the currency

in which the invoice is made out, in a specific sum, and not by percentage, and in the weight, gauge, or measure expressed in the invoice, but in no case will an average valuation be made."

It appeared, as reported by the appraiser, that:

"As the discount claimed on the invoice was larger than the usual or ordinary trade discount, the excess was disallowed and added to the value of the merchandise in order to make market value of the same."

The importers' contention, as stated in their assignment of errors in their application for review of the decision of the Board of General Appraisers, is as follows:

"On the invoices the prices of the goods were arrived at by stating a gross price and then deducting on the face of the invoices certain discounts, leaving a net invoice price. The appraiser wrongfully disallowed these discounts, and the collector imposed the duty upon the gross price, with these discounts added to the net prices stated in the invoices. There is nothing upon the face of the appraiser's returns to show any appraisement by him of the value of the goods, other than by disallowing the said discounts. The only question involved is one of law, namely, whether the action of the appraiser, as shown by his official return, in disallowing the discounts, justified the liquidation by the collector of duty upon the amount obtained by adding the discounts so disallowed to the net price of the goods as shown by the invoice."

Frank P. Prichard (Thomas S. Gates, of counsel), for the importers.

J. Whitaker Thompson, U. S. Atty., and William M. Stewart, Jr., Asst. U. S. Atty.

HOLLAND, District Judge. The record shows that Meyer, Ebeling & Co. imported into the port of Philadelphia in 1890 and 1891, per steamship La Gascogne and other vessels, four separate lots of ribbons from France. The market value of these goods was ascertained by the assistant appraiser by making additions to the invoice price by disallowing certain discounts. In other words, the appraiser, instead of ascertaining the market value of each article, totaled the invoice price and disallowed certain discounts, to which the importer was entitled, in order to raise the result to the market value of the articles imported upon which the duty was to be levied. To this ascertainment of the dutiable value the importers, on March 25, 1891, filed a protest, in which they complain that "our goods have not been appraised at their actual wholesale price, or their actual market value in the principal markets of the country of exportation at the time of exportation, as provided for by the act of June 10, 1890"; and they further object to the method adopted by the appraisers in ascertaining the market value by a manipulation of the discounts to which they are entitled. When this protest came before the Board of the United States General Appraisers on the record as made by the appraisers, the board affirmed the decision of the collector, holding that the proper remedy for a protestant was to call for a reappraisement. From this decision the importers appealed to this court, and in their petition they allege that:

"The only question involved is one of law, viz., whether the action of the appraiser, as shown by his official return, in disallowing the discounts, justified the liquidation by the collector of duty upon the amount obtained by adding the discounts so disallowed to the net price of the goods as shown by the invoice."

In other words, they contend that the mental processes by which the assistant appraiser obtained his results, or the method of calculation adopted and approved by the collector, is a question of law which entitled them to an appeal under Customs Administrative Act June 10, 1890, c. 407, §§ 14, 15, 26 Stat. 137, 138 [U. S. Comp. St. 1901, p. 1933].

The fact that the appellants state this to be a question of law does not make it one. The method of calculation adopted in ascertaining the market value may not have been the best or most businesslike in detail, and probably not in accordance with the treasury regulations, which, however, are not mandatory. The method adopted was sustained in Wanamaker v. Cooper (C. C.) 69 Fed. 329, and also in U. S. v. Loeb, 107 Fed. 692, 46 C. C. A. 562. While this method of calculation is not to be encouraged, and leaves an incomplete and unsatisfactory record, yet the result is an appraisement of the goods and an ascertainment of the market value for the purpose of assessing a duty; and the protest shows that it is against this market value that the appellants are complaining, and they should have requested a reappraisement under section 13 of the act of June 10, 1890. Passavant v. United States, 148 U. S. 214, 13 Sup. Ct. 572, 37 L. Ed. 426; Muser v. Magone, 155 U. S. 240, 15 Sup. Ct. 77, 39 L. Ed. 135; United States v. Passavant, 169 U. S. 16, 18 Sup. Ct. 219, 42 L. Ed. 644.

The decision of the Board of the United States General Appraisers is hereby affirmed.